**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

CHRISTOPHER M. MAGEE,

     Petitioner,

          v.                          Case No.  1:21cv123

WARDEN, CHILLICOTHE                  Judge Michael R. Barrett
CORRECTIONAL INSTITUTE,

     Respondent.

## ORDER

This matter is before the Court on the Report and Recommendation ("R&R") filed by the Magistrate Judge on Karen L. Litkovitz (Doc. 9).

Proper notice has been given to the parties under 28 U.S.C. § 636(b)(1)(C), including notice that the parties would waive further appeal if they failed to file objections to the R&R in a timely manner. *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). No objections to the Magistrate Judge's R&R (Doc. 9) have been filed.

Accordingly, it is **ORDERED** that the R&R (Doc. 9) of the Magistrate Judge is hereby **ADOPTED.** Consistent with the recommendation by the Magistrate Judge, that

1. The petition (Doc. 1) is **STAYED** and **TERMINATED** on this Court's active docket pending petitioner's exhaustion of his Ohio remedies through a delayed Rule 26(B) application in the state appellate court. The stay is conditioned on petitioner's filing a motion to reinstate the case on this Court's active docket within **thirty (30) days** after fully exhausting his state court remedies through the requisite levels of state

1

appellate review. Petitioner is granted leave to reinstate the case on this Court's active docket when he has exhausted his Ohio remedies based on a showing that he has complied with the conditions of the stay.

2. A certificate of appealability will not issue under the standard set forth in *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000), which is applicable to this case involving a recommended stay of the petition so that petitioner can exhaust available state court remedies. *Cf. Porter v. White*, No. 01-cv-72798-DT, 2001 WL 902612, at *3 (E.D. Mich. Aug. 6, 2001) (unpublished) (citing *Henry v. Dep't of Corrections*, 197 F.3d 1361 (11th Cir. 1999) (pre-*Slack* case)) (certificate of appealability denied when case dismissed on exhaustion grounds). *See generally Carmichael v. White*, 163 F.3d 1044, 1045 (8th Cir. 1998); *Christy v. Horn*, 115 F.3d 201, 203-206 (3d Cir. 1997) (order staying habeas petition to allow exhaustion of state remedies is appealable collateral order). "Jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling that petitioner has failed to exhaust state court remedies and that the case should be stayed (as opposed to dismissed without prejudice) pending exhaustion of such remedies.

3. With respect to any application by petitioner to proceed on appeal in forma pauperis, this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this Order would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis*. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).

**IT IS SO ORDERED.**

_s/Michael R. Barrett_
Michael R. Barrett, Judge
United States District Court